[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12201
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-10003-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR MARQUEZ LEON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 29, 2010)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Hector Marquez Leon ("Marquez-Leon") appeals his 36-month term of

imprisonment, imposed following resentencing, after he was convicted of conspiracy to commit alien smuggling, 8 U.S.C. § 1324(a)(1)(A)(v)(I). On appeal, Marquez-Leon argues that his 36-month sentence is substantively unreasonable based upon the 18 U.S.C. § 3553(a) factors. We AFFIRM.

## I. BACKGROUND

On the evening of 10 January 2008, the Coast Guard cutter Drummond spotted a small go-fast vessel operating without navigation lights and traveling southbound, roughly 60 miles south of Marathon, Florida. R2 at 6. The crew drew the Drummond within a hundred yards of the vessel, activated their blue law enforcement lights, and, using VHF radio, ordered the vessel to stop in English and Spanish. Id. at 6-7. The driver of the go-fast boat, later identified as co-defendant Ismael Pedrosa-Garcia, failed to stop the vessel and, in an effort to evade the Drummond, increased speed and executed high-risk maneuvers that nearly caused a collision. Id. at 7. Law enforcement aboard the Drummond observed that Marquez-Leon was standing near the boat's controls and that he made no visible effort to stop the boat. Id. The go-fast vessel continued southbound for over an hour before coming to a stop. Id.

After being given his *Miranda* rights, Marquez-Leon said that his role on the boat was to navigate with a GPS device. Id. The two men had set out to find a

2

boat filled with migrants from Cuba, including family members.  Id. at 7, 8.

Marquez-Leon was also to refuel the migrants' boat so that he and Pedrosa-Garcia

could escort the migrants into the United States illegally.  Id.

Marquez-Leon pleaded guilty to conspiracy to commit alien smuggling,

pursuant to 8 U.S.C. § 1324(a)(1)(A)(v)(I).  His base offense level was 12.  He

received a two-point enhancement for reckless endangerment, for the high-risk

maneuvers executed by the go-fast during the pursuit, and a two-point

enhancement for a prior felony immigration offense.  He received a three-point

reduction because the smuggling was not for profit and a two-point reduction for

acceptance of responsibility, resulting in a total of 11.  His criminal history level

was II.  The according guideline sentence was 10-16 months.  Upon consideration

of the § 3553(a) factors, the court sentenced Marquez-Leon to 36 months.

Marquez-Leon, having objected to the reckless endangerment enhancement,

appealed on the basis that it wrongly punished him for Pedrosa-Garcia's operation

of the boat.  We held that Marquez-Leon should not be held accountable for the

reckless endangerment and remanded.  At resentencing, with a new offense level of

nine, and a guideline range of 6-12 months, the court considered the § 3553(a)

factors and again imposed a 36-month sentence.  Marquez-Leon appeals the

sentence as substantively unreasonable.

3

## II. DISCUSSION

We review a sentence imposed by a district court for reasonableness, using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We have "recognize[d] that there is a range of reasonable sentences from which the district court may choose." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). Even if the district court "impose[d] a sentence that is either more severe or lenient than the sentence we would have imposed," we must still affirm if we find that sentence reasonable. Id. The burden of proof lies with the party challenging the reasonableness of the sentence. Id.

In reviewing the reasonableness of a sentence, we normally ensure, first, that the district court did not make a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51, 128 S. Ct. at 597. The district court is not required to discuss each § 3553(a) factor specifically, provided that it acknowledges that it considered all of the factors. Talley, 431 F.3d at 786.

Marquez-Leon does not challenge the sentence as procedurally

4

unreasonable. Nonetheless, we note that, at the resentencing hearing, the court explicitly referred to the § 3553(a) factors, listing and considering each individually in light of the relevant facts. R4 at 5-9. The guideline range, on remand, was calculated correctly, with the reckless endangerment enhancement properly removed. The court also adequately explained the basis for its reasoning. We find no procedural errors in the sentence.

Having so found, we must next consider whether the sentence is substantively reasonable in light of the § 3553(a) factors. Gall, 552 U.S. at 51, 128 S. Ct. at 596-597. These factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (4) the need to deter criminal conduct; and (5) the advisory guideline range. See 18 U.S.C. § 3553(a). Another relevant factor is the relationship between the defendant's sentence and the applicable statutory maximum. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (noting, as one indication of reasonableness, that a defendant's sentence was "well below" the applicable statutory maximum). "A sentence may be substantively unreasonable if a district court unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence

5

arbitrarily, or based the sentence on impermissible factors." United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009). "We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made a clear error of judgment." Gonzalez, 550 F.3d at 1324.

In Gall, the Supreme Court held that a district court must provide "sufficient justifications" for "an unusually lenient or an unusually harsh sentence." Gall, 552 U.S. at 46, 128 S. Ct. at 594. "[I]n reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may therefore take the degree of variance into account and consider the extent of a deviation from the Guidelines." Id. at 47, 128 S. Ct. at 594-95. Nevertheless, the Supreme Court rejected the idea that a variance from the guideline range must be supported by extraordinary circumstances. Id. at 47, 128 S. Ct. at 594.

Marquez-Leon argues that some of the § 3553(a) factors weigh against the upward variance imposed by the district court. As to the nature and circumstances of the offense, he was searching for distressed family members and did vocally instruct Pedrosa-Garcia to stop the boat during the pursuit. But Marquez-Leon does not meet his burden for establishing that this sentence is substantively unreasonable. The nature and circumstances of the offense were aggravated by the fact that he and Pedrosa-Garcia nearly rammed the go-fast vessel, with over 100

6

gallons of gasoline onboard, into the Drummond. The defendant himself entered the United States illegally and participated, after his entry, in a for-profit alien smuggling conspiracy. These facts speak to the characteristics of the defendant and the need to promote respect for the law under § 3553(a). A longer sentence promotes general deterrence by discouraging others from committing similar offenses. And the three-year sentence, only six months longer than what Marquez-Leon sought at at resentencing, is well below the ten-year statuory maximum for the offense. See 8 U.S.C. § 1324(a)(1)(B)(i); Gonzalez, 550 F.3d at 1324.

The district court sufficiently articulated the reasons for its above-guidelines sentence in this case. See Gall, 552 U.S. at 46, 128 S. Ct. at 594. We conclude that the sentence falls within the "range of reasonable sentences" from which the court could choose. See Talley, 431 F.3d at 788. Accordingly, the district court did not abuse its discretion in Marquez-Leon's resentencing.

### III. CONCLUSION

Marquez-Leon appeals his sentence imposed on remand as unreasonable. We conclude that the district court did not abuse its discretion in departing upward based on its consideration of the § 3553(a) factors. Accordingly, we AFFIRM the judgment of the district court.

**AFFIRMED.**